## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DA'SHAE SUMMER BREEZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01641-HEA |
| | ) | |
| JESSICA UNKNOWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Da'Shae Summer Breeze's civil rights complaint brought under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need. The Court will order Plaintiff to amend her complaint as instructed below on a Court-provided form. Additionally, the Court will order Plaintiff to either pay the $405 filing fee or submit a form application to proceed in district court without prepaying fees and costs.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against a medical technician employed by Centurion, Jessica Unknown, and 16 other Centurion and MDOC employees located at South Central Correctional Center and the Eastern Reception, Diagnostic and Correctional Center (ERDCC). She sues all Defendants only in their official capacities.

Plaintiff is a transgender woman, currently housed at ERDCC, and is prescribed 4 milligrams of estrogen per day. She states that beginning January 1, 2025, Defendant Jessica gave her only 2 milligrams of estrogen per day. Jessica refused to verify Plaintiff's prescription and denied Plaintiff her written and verbal health services requests (HSRs). After Plaintiff submitted an informal resolution request (IRR), Jessica denied Plaintiff all of her medications including life saving medications. She then began referring to Plaintiff as "this thing," and told other inmates, "this thing wears a bra, it takes hormone therapy." Doc. [1] at 6. She informed Plaintiff that she did not agree with her prescribed medical treatment, and mocked what she believed to be Plaintiff's sexual orientation. She then told other inmates to assault Plaintiff.

This behavior continued for months, culminating with Plaintiff being sexually assaulted by her cellmate. On February 9 or 10, 2025, Jessica informed Plaintiff's cellmate in front of other inmates that she refused "to give that thing her estrogen meds." Doc. [1] at 6. Plaintiff had not told her cellmate that she identified as

transgender and had not told her cellmate that she was prescribed estrogen. As a result of Jessica's public disclosure of Plaintiff's medical information, Plaintiff's cellmate began to harass her. Plaintiff's cellmate asked to see her breasts, and when Plaintiff refused, her cellmate beat her during the night. Plaintiff immediately filed a Prison Rape Elimination Act (PREA) report.

Plaintiff states, "Before this time we had no issues and he did not know I was transgender. I was humiliated, harassed and harmed. [Jessica] is the main catalyst/cause of this negative interaction. I suffer mentally and physically today because of this, and she is now employed at ERDCC. Every time I see her, I cry, have labored breathing, nightmares, flashbacks, hysteria, depression, sadness, thoughts of suicide, fear, hypertension, headaches, and other physical and mental [symptoms]." *Id.* at 7.

Although Plaintiff has made no specific allegations against the remaining Defendants, she states that all Defendants ignored and disregarded her complaints about her health care, and disregarded her IRR and PREA allegations. For relief, Plaintiff seeks $10 million in damages.

## Discussion

Plaintiff has likely stated an Eighth Amendment deliberate indifference claim against Defendant Jessica. But she has sued Jessica and all other Defendants only in their official (not individual) capacities, which subjects her complaint to dismissal. Additionally, Plaintiff's conclusory allegations against the remaining

Defendants do not establish their personal responsibility for the alleged constitutional violations. Because Plaintiff is proceeding as a self-represented litigant, and has presented serious allegations to the Court, she will be allowed to amend her complaint on a Court-provided form according to the instructions below.

Plaintiff must specify whether she intends to sue each Defendant in an official capacity, an individual capacity, or both. The failure to sue a Defendant in his or her individual capacity may result in the dismissal of that Defendant. If Plaintiff is suing a Defendant in an individual capacity, she is required to allege facts demonstrating the personal responsibility of the Defendant for harming her. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). It is important that Plaintiff establish the responsibility of each separate Defendant for harming her. For each Defendant, Plaintiff must allege facts showing how that particular Defendant's acts or omissions violated her constitutional rights.

It is not enough for Plaintiff to make general allegations against all the Defendants as a group or to allege all Defendants conspired with one another. Rather, Plaintiff needs to provide the role of each named Defendant in this case, in order that each specific Defendant can receive notice of what he or she is accused of

doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

Plaintiff is cautioned that the filing of an amended complaint completely replaces the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a Defendant will result in the dismissal of that Defendant. If Plaintiff fails to file an amended complaint on a Court-provided form within 30 days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

**Application to Proceed in District Court Without Prepayment of Fees or Costs**

In a separate document, Plaintiff states that she has been unable to get a six-month account statement from ERDCC. She submitted instead a two-month prison account statement, but has not filed an application to proceed in district court without prepayment of fees and costs. The Court will direct the Clerk of Court to send Plaintiff the application. Plaintiff shall complete the application, and submit any account statement she has available.

Accordingly,

**IT IS HEREBY ORDERED** the Clerk of Court shall send Plaintiff (1) an application to proceed in district court without prepaying fees and costs, and (2) a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and file both forms in accordance with the Opinion, Memorandum and Order on or before December 8, 2025.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Opinion, Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 6th day of November, 2025.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE